IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00831-BNB

DARRYL MARTIN,

    Plaintiff,

v.

COLORADO LEGISLATURE ENACTING STATUTE, TITLE SIXTEEN ARTICLE ELEVEN, POINT SEVEN SECTION ONE HUNDRED TWO (2), SUBSECTION ROMAN NUMERAL TWO, COLORADO REVISED STATUTE ENACTED JUNE SECOND 1995 AMENDED 2000,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 17 2007

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Darryl Martin, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Crowley County Correctional Facility at Olney Springs, Colorado. Mr. Martin initiated this action by filing a *pro se* Prisoner Complaint alleging that his constitutional rights have been violated. In the Complaint, Plaintiff asserts that Colo. Rev. Stat. § 16-11.7-102(II) is vague and unconstitutional. He further asserts that he was treated for the sex offenses he committed twenty-five years ago, and that it is not the intent of § 16-11.7-102(II) to reclassify persons as sex offenders who were never convicted of sex offenses and who have received treatment. Plaintiff asks for declaratory relief.

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se*

litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Martin will be ordered to file an Amended Complaint and name a proper party to the action.

Mr. Martin may not sue the Colorado State Legislature. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. *McGowan v. State of Md.*, 366 U.S. 420 (1961).

Furthermore, the State of Colorado and its entities are protected by Eleventh Amendment immunity. See *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, see *Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, see *Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. See *Higganbotham v. Okla. Transp. Com'n*, 328 F.3d 638, 644 (10th Cir. 2003).

The Eleventh Amendment, however, does not bar a federal court action so long as the plaintiff seeks in substance only prospective relief rather money damages for

alleged violations of federal law and asserts claims against individual state officers. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 277 (1997); *Hill v. Kemp*, 478 F.3d 1236 (10th Cir. 2007). Therefore, Plaintiff must name a proper individual state officer as a defendant. Accordingly, it is

ORDERED that Mr. Martin file **within thirty days from the date of this Order** an Amended Complaint which is in keeping with the instant Order and names the proper party to the action. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Martin, together with a copy of this Order, two copies of a Court-approved Prisoner Complaint form to be used in submitting the Amended Complaint. It is

FURTHER ORDERED that if Mr. Martin fails within the time allowed to file an original and sufficient copies of an Amended Complaint that complies with this Order, to the Court's satisfaction, the action will be dismissed without further notice.

DATED May 17, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00831-BNB

Darryl Martin
Prisoner No. 61336
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** the above-named individuals on 5/17/07

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk