IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00831-BNB

DARRYL MARTIN,

    Plaintiff,

v.

CHIEF OF CLASSIFICATION COMMITTEE OF COLORADO DEPARTMENT OF
    CORRECTIONS MENTAL HEALTH BOARD, Acting in his Individual Capacity,
    June Eleventh 2007 (Two Thousand Seven),

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 11 2007

GREGORY C. LANGHAM
                    CLERK

## ORDER OF DISMISSAL

Plaintiff Darryl Martin is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Crowley Correctional Facility, in Olney Springs, Colorado. Mr. Martin has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants have violated his rights under the United States Constitution. Plaintiff asks that the Court direct Defendant to terminate Plaintiff's sex offender classification.

Mr. Martin has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B), the Court must dismiss the Complaint at any time if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Complaint as legally frivolous.

The Court must construe the Complaint liberally because Mr. Martin is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as a *pro se* litigant's advocate. *See id.*

In the Complaint, Mr. Martin alleges that he currently is serving a 1989 conviction and sentence for aggravated robbery of controlled substances, possession of narcotics, and a crime of violence. Plaintiff also asserts that previous to his current conviction and sentence, in 1981, he was charged with a sex offense to which he pleaded not guilty by reason of insanity and was sent to the state hospital until 1986, when he was unconditionally released. Mr. Martin further states that in 2001 he was denied parole in his current sentence and was informed that he was classified as a sex offender. Plaintiff concedes, however, that he was given a *Chambers v. Colorado Dep't of Corrections*, 205 F.3d 1237 (10th Cir. 2000), classification hearing during which he was able to offer personal testimony concerning his sex offense history.

Mr. Martin maintains that his due process rights have been violated because in 1989, when he entered prison, he was not informed that a state statute, Colo. Rev. Stat. § 16-11.7-102, would be applied to him after he was incarcerated for eleven years. Plaintiff further asserts that § 16-11.7-102 is unconstitutionally vague and has affected his sentence negatively. Mr. Martin contends that he has lost earned-time

credits and has been denied community placement and parole because he refuses to admit that he is a sex offender and is prohibited from participating in the Sex Offender Treatment Program (SOTP). Plaintiff also contends that § 16-11.7-102 was enacted in 1995, nine years after he was unconditionally released from the state hospital for a sex offense. Plaintiff further asserts that the statute only pertains to prisoners who are serving a sentence for a sex offense and not to prisoners who were previously charged with a sex offense and are now serving a sentence for an offense other than a sex offense. Applicant asks that the Court find § 16-11.7-102(II) unconstitutionally vague.

To the extent that Plaintiff is asserting a denial of due process in his sex offender classification, the Constitution guarantees due process only when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Even though Mr. Martin may have a constitutionally protected liberty interest in not being classified as a sex offender, the Court finds that he received adequate due process.

"The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' " *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). In *Chambers*, the Tenth Circuit references to "some process" as what should be afforded to an inmate before he can be classified as a sex offender. *Chambers*, 205 F.3d at 1243. The Tenth Circuit relied on *Neal v. Shimoda*, 131 F.3d 818, 831 (9th Cir. 1997), which in turn had relied on *Wolff v. McDonnell*, 418 U.S. 539 (1974), for determining the

standards necessary in a *Chambers* hearing. *See Gwinn v. Awmiller*, 354 F.3d 1211, 1218-19 (10th Cir. 2004).

Mr. Martin does not allege that he was prevented from challenging the factual basis for his classification at a meaningful time or in a meaningful manner. Nor does Plaintiff assert that he was denied any advance written notice of the charges, an opportunity to call witnesses and present documentary evidence, or a written statement by the factfinders of the reasons for the decision and the evidence on which they relied. *See Wolff*, 418 U.S. at 563-66. To the contrary, Plaintiff states that he was given a *Chambers* hearing in 2001 during which he was allowed to give personal testimony regarding his sex offense history. (Sec. Am. Compl. at 3.)

Mr. Martin also argues, however, that after his *Chambers* hearing, in violation of his constitutional rights, he was not informed that § 16-11.7-102 applied both prospectively and retroactively against prisoners who currently were serving sentences for nonsex offenses. To the extent Plaintiff is claiming a denial of due process regarding the alleged lack of notice that § 16-11.7-102 has both a retrospective and a prospective effect on his classification the claim lacks merit. The SOTP does not criminalize conduct that was legal before its passage. *Chambers*, 205 F.3d at 1242. Furthermore, whether or not Mr. Martin believes that § 16-11.7-102 is unconstitutionally vague, as long as he was afforded a due process hearing, which he concedes that he was, the DOC may consider his past history in determining the need for any rehabilitative treatment without violating his constitutional rights. *Id.* The Tenth Circuit also found in *Chambers* that the application of SOTP to an inmate, such as Mr. Martin,

and the subsequent loss of earned-time credits does not increase his punishment. *Chambers*, 205 F.3d at 1241-42.

To the extent Mr. Martin claims a constitutional deprivation in the denial of earned-time credits and a resulting delay in the time that he may be paroled, Plaintiff possesses "no vested right in a particular parole date or parole hearing eligibility date." *Chambers*, 205 F.3d at 1242. The Colorado Supreme Court has interpreted the Colorado State parole statute to give the Colorado State Parole Board "sole power to grant or refuse to grant parole." *See* Colo. Rev. Stat. § 17-2-201(5)(a); *Martinez v. Furlong*, 893 P.2d 130, 131 (Colo. 1995) (*en banc*). "[T]he Colorado statutory scheme does not create a constitutionally protected entitlement to, or liberty interest in, parole." *Thompson v. Riveland*, 714 P.2d 1338, 1340 (Colo. App. 1986). The United States Constitution itself does not create a protected liberty interest in a prisoner's release prior to the expiration of a valid sentence. *See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979).

Mr. Martin not only does not have a federal constitutional right to be paroled he does not have a right to be conditionally released to community corrections or to a halfway house prior to the conclusion of his sentence. Plaintiff, therefore, fails to assert any deprivation of his constitutional rights. Accordingly, it is

ORDERED that the Complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that Plaintiff remains obligated to pay the full amount of the required filing fee assessed and owed in this action, if such fee is not yet paid in full.

If Plaintiff fails to stay current with his payment obligations in this action, the Court may apply all or part of the filing fee payments tendered in any action Plaintiff initiates subsequent to initiating this action to satisfy the filing fee debt owed here or in any other action Plaintiff already has initiated.

DATED at Denver, Colorado, this 10 day of Oct., 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00831-BNB

Darryl Martin
Prisoner No. 61336
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** the above-named individuals on 10/11/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk